UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                             :

ERIC KEATON,                                                     :
                                                                 :
                    Plaintiff,          :                 17-CV-952 (JMF)
                                                                 :
         -v-                                 :                 <u>ORDER</u>
                                                                 :
SERGEANT KENNETH CAESAR,                                         :
                                                                 :
                  Defendant.           :
                                                                 :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Attached to this order is Court Exhibit 1, which is the draft jury charge that was
considered at the charge conference held on the record on November 13, 2019, and Court Exhibit
2, which is the finalized jury charge.

      SO ORDERED.

Dated: November 14, 2019
     New York, New York                        _____
                                            JESSE M. FURMAN
                                 United States District Judge

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
: 
ERIC KEATON,                                                  :
:
                              Plaintiff,    :                  17-CV-952 (JMF)
:
              -v-                                   :
:
SERGEANT KENNETH CAESAR,                    :
:
                        Defendant.   :
:
------------------------------------------------------------------------X


# JURY CHARGE


November 13, 2019

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ............................................................ 1
Role of the Court and the Jury .......................................................................................2
The Parties ....................................................................................................................2
Conduct of Counsel .....................................................................................................2
What Is and What Is Not Evidence ...............................................................................3
Direct and Circumstantial Evidence .............................................................................4
Limited Purpose Evidence ............................................................................................5
Preponderance of the Evidence .....................................................................................5
Credibility of Witnesses ................................................................................................6
All Available Evidence Need Not Be Produced ............................................................8

II. SUBSTANTIVE CLAIMS ................................................................................... 8
Nature of the Plaintiff's Claims ....................................................................................8
Section 1983 .................................................................................................................9
First Element: Action Under Color of State Law ..........................................................9
Second Element: Deprivation of a Federal Right .......................................................10
Third Element: Proximate Cause ...............................................................................11
First Claim: False Arrest ............................................................................................11
Probable Cause ...........................................................................................................12
The Alleged Probable Cause in This Case ..................................................................14
Second Claim: Unlawful Strip Search ........................................................................14

III. DAMAGES .......................................................................................................16
Damages Generally .....................................................................................................16
Nature of the Plaintiff's Damages Claims ..................................................................18

IV. CONCLUDING INSTRUCTIONS ....................................................................21
Selection of Foreperson ..............................................................................................21
Right To See Exhibits and Hear Testimony ................................................................21
Juror Note-Taking.......................................................................................................22
Duty To Deliberate .....................................................................................................22
Return of the Verdict ..................................................................................................23
Closing Comments ......................................................................................................24

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case. It is my duty at this point to instruct you as to the law. My instructions to you will be in three parts.

First, I will give you general instructions about, for example, your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law to be applied to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions with respect to your deliberations.

I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but because there is a need for precision, it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along. (Please limit yourself to following along; that is, do *not* read ahead in the instructions.) If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. Also, you should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

<u>Role of the Court and the Jury</u>

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

**Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

<u>The Parties</u>

The fact that the defendant is a law enforcement official does not mean that he is entitled to any lesser or greater consideration by you. All litigants stand equal before the law, and each party is entitled to the same fair consideration you would give to any other party.

**Adapted from *Bakalor v. J.B. Hunt Transport, Inc.*, 11 Civ. 2911 (JMF).**

<u>Conduct of Counsel</u>

It is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters, and none of the

1 events relating to these conferences should enter into your deliberations at all.

2   Finally, the personalities and the conduct of counsel are not in any way in issue.  If you

3 formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable,

4 whether you approved or disapproved of their behavior, those opinions should not enter into your

5 deliberations.

6 **Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

7

8 <u>What Is and What Is Not Evidence</u>

9   As I have told you many times, in reaching a verdict, you must consider only the

10 evidence you have seen and heard in this courtroom.  What, then, is evidence?

11   The evidence in this case is the sworn testimony of the witnesses, including any excerpts

12 of deposition testimony that were read into the record, the exhibits received into evidence, and

13 any stipulations of fact made by the parties.

14   What is not evidence?  The questions posed to a witness are not to be considered by you

15 as evidence.  It is the witnesses' answers that are evidence, not the questions.

16   Testimony that has been stricken or excluded by me is not evidence and may not be

17 considered by you in rendering your verdict.

18   As you may recall, certain redactions, or deletions, have been made in some of the

19 documents.  You should draw no adverse inference against either party because of these

20 redactions, nor should you speculate about why they have been redacted.

21   Arguments by the advocates are not evidence.  What you heard during the opening

22 statements and summations is merely intended to help you understand the evidence to reach your

23 verdict.  If, however, your recollection of the facts differs from the statements, you should rely

24 on your recollection.

1      At times, I may have admonished a witness or directed a witness to be responsive to

2  questions or to keep his voice up.  At times, I may have asked a question myself.  Any questions

3  that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence

4  and to bring out something that I thought might be unclear.  You should draw no inference or

5  conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the

6  case, by reason of any comment, question, or instruction of mine.  Nor should you infer that I

7  have any views as to the credibility of any witness, as to the weight of the evidence, or as to how

8  you should decide any issue that is before you.  That is entirely your role.

9      To constitute evidence, exhibits must first be received in evidence.  Exhibits marked for

10  identification but not admitted are not evidence.  Nor are materials brought forth only to refresh a

11  witness's recollection.

12      It is for you and you alone to decide the weight, if any, to be given to the testimony you

13  have heard and the exhibits you have seen.

14  **Adapted from _Ortiz v. City of New York_, 11 Civ. 7919 (JMF); _United States v. Kaufman_, 13**

15  **Cr. 411.**

16

17  Direct and Circumstantial Evidence

18      There are two types of evidence that you may properly use in reaching your verdict.  One

19  type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about

20  something he or she knows by virtue of his or her own senses, something he or she has seen, felt,

21  touched, or heard.  Direct evidence may also be in the form of an exhibit.

22      The other type of evidence is circumstantial evidence.  Circumstantial evidence is

23  evidence that tends to prove one fact by proof of other facts.  There is a simple example of

24  circumstantial evidence that is often used in this courthouse.

1    Assume that when you came into the courthouse this morning the sun was shining and it

2    was a nice day.  Assume also that there are no windows in this courtroom.  As you are sitting

3    here, someone walks in with an umbrella that is dripping wet.  Someone else then walks in with a

4    raincoat that is also dripping wet.  Now, because there are no windows in our hypothetical, you

5    cannot look outside the courtroom and see whether or not it is raining.  So you have no direct

6    evidence of that fact.  But on the combination of the facts that I have asked you to assume, it

7    would be reasonable and logical for you to conclude that between the time you arrived at the

8    courthouse and the time these people walked in, it had started to rain.

9    That is all there is to circumstantial evidence.  You can infer on the basis of reason,

10   experience, and common sense from an established fact the existence or the nonexistence of

11   some other fact.  Many facts, such as a person's state of mind, can only rarely be proved by

12   direct evidence.  Circumstantial evidence is of no less value than direct evidence; the law makes

13   no distinction between direct and circumstantial evidence, but simply requires that you, the jury,

14   decide the facts in light of all the evidence, both direct and circumstantial.

15   **Adapted from *Bakalor v. J.B. Hunt Transport, Inc.*, 11 Civ. 2911 (JMF).**

16

17   Limited Purpose Evidence

18   If certain testimony or evidence was received for a limited purpose, you must follow the

19   limiting instructions I have given.

20   **Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

21

22   Preponderance of the Evidence

23   Before I instruct you on the issues you must decide, I want to define for you the standard

24   under which you will decide whether a party has met its burden of proof on a particular issue.

1  The standard that applies in this case is the preponderance of the evidence.  As I told you at the

2  beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in

3  a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

4       To establish by a preponderance of evidence means that the evidence of the party having

5  the burden of proof must be more convincing and persuasive to you than that opposed to it.  The

6  difference in persuasiveness need not be great: So long as you find that the scales tip, however

7  slightly, in favor of the party with the burden of proof — that what the party claims is more

8  likely than not true — then that element will have been proved by a preponderance of evidence.

9  And here it is important for you to realize that this refers to the quality of the evidence and not to

10  the number of witnesses, the number or variety of the exhibits, or the length of time spent on a

11  subject.  In determining whether any fact has been proved by a preponderance of evidence, you

12  may consider the testimony of all of the witnesses and all of the exhibits.

13  **Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Bakalor v. J.B. Hunt***

14  ***Transport, Inc.*, 11 Civ. 2911 (JMF).**

15

16  Credibility of Witnesses

17       How do you evaluate the credibility or believability of the witnesses?  The answer is that

18  you use your common sense.  You should ask yourselves: Did the witness impress you as honest,

19  open, and candid?  How responsive was the witness to the questions asked on direct examination

20  and on cross-examination?

21       If you find that a witness is intentionally telling a falsehood, that is always a matter of

22  importance you should weigh carefully.  Yet, a witness may be inaccurate, contradictory, or even

23  untruthful in some respects and entirely believable and truthful in other respects.  It is for you to

24  determine whether such inconsistencies are significant or inconsequential, and whether to accept

1    or reject all or to accept and reject a portion of the testimony of any witness. You are not

2    required to accept testimony even though the testimony is uncontradicted and the witness's

3    testimony is not challenged. You may decide because of the witness's bearing or demeanor, or

4    because of the inherent improbability of the testimony, or for other reasons sufficient to

5    yourselves that the testimony is not worthy of belief.

6          There is no magic formula by which you can evaluate testimony. You determine for

7    yourself in many circumstances the reliability of statements that are made by others to you and

8    upon which you are asked to rely and act. You may use the same tests here that you use in your

9    everyday life.

10         In evaluating the credibility of the witnesses, you should take into account any evidence

11   that a witness may benefit in some way from the outcome of the case. Such interest in the

12   outcome creates a motive to testify falsely and may sway a witness to testify in a way that

13   advances his or her own interests. Therefore, if you find that any witness whose testimony you

14   are considering may have an interest in the outcome of this trial, then you should bear that factor

15   in mind when evaluating the credibility of his testimony, and accept it with great care.

16         Keep in mind, though, that it does not automatically follow that testimony given by an

17   interested witness is to be disbelieved. There are many people who, no matter what their interest

18   in the outcome of the case may be, would not testify falsely. It is for you to decide, based on

19   your own perceptions and common sense, to what extent, if at all, the witness's interest has

20   affected his or her testimony.

21   **Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Bakalor v. J.B. Hunt**

22   **Transport, Inc.*, 11 Civ. 2911 (JMF).**

23

<u>All Available Evidence Need Not Be Produced</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to. No party has an obligation to present cumulative testimony.

**Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Bakalor v. J.B. Hunt Transport, Inc.*, 11 Civ. 2911 (JMF).**




# II. SUBSTANTIVE CLAIMS

<u>Nature of the Plaintiff's Claims</u>

That completes your general instructions. Let me turn, then, to the law that applies to the claims in this case. As you know, this case arises out of the plaintiff's arrest by the defendant, New York Police Department Sergeant Kenneth Caesar, on the afternoon of May 1, 2014, in midtown Manhattan, and a related search of the plaintiff. Mr. Keaton, the plaintiff, claims that the defendant lacked probable cause to arrest him and also had no reasonable basis to conduct a strip search; Sergeant Caesar, the defendant, claims that he had probable cause to arrest the plaintiff and that he had a reasonable basis to order a strip search.

The plaintiff alleges that his civil rights were violated in connection with these events.  In particular, he brings claims against the defendant under a civil rights statute, Title 42, United States Code, Section 1983.

**Adapted from _Ortiz v. City of New York_, 11 Civ. 7919 (JMF); _Bakalor v. J.B. Hunt Transport, Inc._, 11 Civ. 2911 (JMF).**

Section 1983

To establish a claim under Section 1983, Mr. Keaton must prove, by a preponderance of the evidence, each of the following three elements:

First, that Sergeant Caesar was acting under color of state law when he committed the acts about which Mr. Keaton complains here;

Second, that in committing these acts, Sergeant Caesar deprived Mr. Keaton of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States; and

Third, that Sergeant Caesar's acts were the proximate cause of injuries and damages sustained by Mr. Keaton.

I will now explain each of those three elements.

**Adapted from Sand, _Modern Federal Jury Instructions_, Instr. 87-68; _Ortiz v. City of New York_, 11 Civ. 7919 (JMF); _Corretjer v. Joseph_, 11 Civ. 7847 (PGG).**

First Element: Action Under Color of State Law

The first element of a Section 1983 claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agency. The term "city agency" includes the New York Police Department.

Whether Sergeant Caesar committed the acts alleged by Mr. Keaton is a question of fact for you to decide. But if you conclude that Sergeant Caesar committed these acts, there is no dispute that he was acting in his capacity as a New York Police Department officer and, in doing so, that he was acting under color of state law.

**Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 87-65; *Corretjer v. Joseph*, 11 Civ. 7847 (PGG).**

Second Element: Deprivation of a Federal Right

The second element of a Section 1983 claim is that the defendant, in committing the acts complained of, deprived the plaintiff of a federal right.

You must first determine whether Sergeant Caesar committed the acts alleged by Mr. Keaton. The law imposes liability upon a defendant only if he subjects, or causes to be subjected, any person to the deprivation of a federal right. Sergeant Caesar cannot be held liable merely because he holds a supervisory position or a position of higher authority. In order for Mr. Keaton to prevail on his claims, therefore, he must show that Sergeant Caesar was personally involved in a deprivation of his federal rights. If you find that Sergeant Caesar directly participated in or authorized the acts alleged, then you must find that Sergeant Caesar was personally involved in the acts alleged.

In order for Mr. Keaton to establish this second element, he must also show that those acts that you have found Sergeant Caesar took under color of state law caused Mr. Keaton to

suffer the loss of a federal right.  As I have told you, Mr. Keaton claims that Sergeant Caesar

violated his constitutional rights by (1) subjecting him to a false arrest and (2) wrongfully

subjecting him to a strip search at the police station.

I will address each of those claims shortly.

**Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 87-74; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *Wigfall v. City of New York*, 13 Civ. 268 (PGG); *see Dancy v. McGinley*, 843 F.3d 93, 116-17 (2d Cir. 2016).**

Third Element: Proximate Cause

The third element of a Section 1983 claim is that the defendant's acts were a proximate

cause of injuries or damages that the plaintiff sustained.  An act is a proximate cause of an injury

or damages if it was a substantial factor in bringing about this injury, and if the injury was a

reasonably foreseeable consequence of the defendant's acts.

**Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 87-79; *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

First Claim: False Arrest

With that, let me turn to the two ways in which Mr. Keaton claims that Sergeant Caesar

deprived him of a federal right.

Mr. Keaton's first claim is for false arrest.  Under the United States Constitution, no

person may be arrested absent probable cause.  If Sergeant Caesar lacked probable cause to arrest

Mr. Keaton, but arrested him anyway, Sergeant Caesar would thereby have deprived Mr. Keaton

of a federal right.  Sergeant Caesar bears the burden of proving that he had probable cause to

arrest Mr. Keaton.

There is no dispute here that Sergeant Caesar arrested Mr. Keaton.  Accordingly, you will have to decide whether Sergeant Caesar has met his burden of proving, by a preponderance of the evidence, that there was probable cause to arrest Mr. Keaton.

**Adapted from *Ortiz v. City of New*, 11 Civ. 7919 (JMF)**

Probable Cause

What, then, is probable cause?  Police officers have probable cause to arrest when they have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.  Probable cause is determined by deciding whether Sergeant Caesar's actions were what a reasonably prudent officer would have done under the same circumstances.

Probable cause requires more than a mere suspicion of wrongdoing, but does not require absolute certainty.  An officer may arrest a suspect only if there are specific and articulable facts, together with rational inferences drawn from those facts, that reasonably suggest criminal activity has occurred or is imminent.  The existence of probable cause is measured at the moment of arrest, not based on later developments.  You are not to view the question of probable cause from a position of hindsight, but from the position of how the circumstances appeared to the officer at the time.  Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

In general, you must consider whether the information actually known to Sergeant Caesar at the time of Mr. Keaton's arrest amounted to probable cause.  You may also consider information known to other police officers, but only if they actually communicated that information, or suspicion based on that information, to Sergeant Caesar.

During the trial, you heard testimony about information that Sergeant Caesar obtained *after* he arrested Mr. Keaton. You may consider that evidence for reasons I will discuss later, but you may not consider it in deciding whether Sergeant Caesar had probable cause to arrest Mr. Keaton. In determining whether Sergeant Caesar had probable cause to arrest Mr. Keaton, you must consider only the information known to Sergeant Caesar at the time of the arrest.

For the arrest to have been lawful, there need only have been probable cause to believe that Mr. Keaton had committed some crime, not necessarily a crime for which he was arrested and charged. Put another way, if there was probable cause at the time of the arrest to believe that Mr. Keaton had committed any crime, the arrest was lawful. Moreover, you do not have to be unanimous on which offenses you find probable cause for, only that you are unanimous that probable cause existed for an offense.

You have heard evidence that Mr. Keaton was not criminally charged in connection with the arrest at issue in this case. The fact that no criminal charges were brought against Mr. Keaton has no bearing on the issue of whether there was probable cause for his arrest. Among other things, the standard for probable cause is much lower than the standard needed for a criminal conviction, which is guilt beyond any reasonable doubt. Criminal charges may be dismissed for a variety of reasons, and you should not speculate as to the reasons why the charges against Mr. Keaton were dismissed.

Please keep in mind that you are being asked only to decide whether Sergeant Caesar had probable cause to believe that Mr. Keaton had committed a crime, not whether Mr. Keaton was in fact guilty of a crime.

**Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *see United States v. Hussain*, 835 F.3d 307, 316 n.8 (2d Cir. 2016) ("[W]e decline to extend the collective knowledge**

**doctrine to cases where, as here, there is no evidence that an officer has communicated his suspicions with the officer conducting the search, even when the officers are working closely together at a scene.");** *accord Walsh v. Lunsford*, **No. 14 CIV 7108 (AKH), 2017 WL 2895943, at \*4 (S.D.N.Y. July 7, 2017).**

### The Alleged Probable Cause in This Case

Sergeant Caesar contends that there was probable cause to arrest Mr. Keaton for crimes under New York Penal Law, which applies to Mr. Keaton. Specifically, Sergeant Caesar argues that there was probable cause to arrest Mr. Keaton for criminal possession of a controlled substance, criminal sale of a controlled substance, or attempt to commit those crimes.

Cocaine base, commonly known as crack cocaine, is a controlled substance.

A "sale" occurs when a controlled substance is exchanged for money or for something else, or when a controlled substance is given or disposed of to another.

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct that tends to effect the commission of the crime.

If you find that Sergeant Caesar had probable cause to believe that Mr. Keaton possessed a controlled substance, gave a controlled substance to another person, or attempted to do one of these things, then the arrest was lawful.

**Adapted from the Parties' Submissions.**

### Second Claim: Unlawful Strip Search

Mr. Keaton's second claim is for an unlawful strip search at the police station after he was arrested. If you find that Sergeant Caesar lacked probable cause to arrest Mr. Keaton at the

time of the strip search, this search is also unlawful.  But you may find that the strip search was unlawful even if you conclude that, by the time of the strip search, Mr. Keaton's arrest was supported by probable cause.

The United States Constitution prohibits strip searches even of people who were lawfully arrested unless the police officer who authorizes or conducts the search has an individualized reasonable suspicion that the arrestee is concealing weapons, drugs, or other contraband that would be revealed by the search.  Contraband means an item that is unlawful to possess or that had been used to carry out a criminal offense.

Factors that may considered in evaluating whether an individualized reasonable suspicion supports a strip search include the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest.  A police officer may also take into consideration the characteristics of the location of the arrest, such as whether it is a high-crime area.

Reasonable suspicion is something stronger than a mere hunch, but something weaker than probable cause.  To establish reasonable suspicion, officers must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experiences.  The standard requires individualized suspicion, specifically directed to the person who is targeted for the strip search.  Like probable cause, this is an objective standard.  The relevant question is whether a reasonable person who possesses the same official expertise as the officer would reasonably suspect that the person searched was concealing weapons, drugs, or other contraband.

The United States Constitution also requires that the strip search be conducted in a reasonable manner.  This means that the officer or officers conducting the strip search must respect the arrestee's privacy interests.  In order to determine whether the strip search was

conducted in a reasonable manner, you must balance the need for the particular search against the invasion of personal rights that the search entailed. Among the factors you may consider when determining whether the strip search was reasonable are the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the location in which it was conducted.

In short, you must find that Mr. Keaton was unlawfully strip searched if you find that, at the time of the strip search, Sergeant Caesar lacked probable cause to arrest him. But even if you find that Sergeant Caesar had probable cause for an arrest at the time of the strip search, Mr. Keaton may prove that he was unlawfully strip searched by showing either that: (1) he was strip searched without reasonable suspicion; or (2) he was strip searched in an unreasonable manner.

**Adapted from _Williams v. Pengel_, 11 Civ. 5202 (JFK); _see also Ruggiero v. Krzeminski_, 928 F.2d 558, 563 (2d Cir. 1991).**

# III. DAMAGES

## Damages Generally

If you conclude that Mr. Keaton has met his burden of proving liability, then you must determine the damages, if any, to which he is entitled. You should not infer that Mr. Keaton is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions.

1   The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You

2   should not award compensatory damages for speculative injuries, but only for those injuries that

3   the plaintiff has actually suffered.  It is Mr. Keaton's burden to prove the amount of damages and

4   to prove that the damages were caused by Sergeant Caesar's actions.

5       In awarding damages, if you decide to award them, you must be guided by dispassionate

6   common sense.  Computing damages may be difficult, but you must not let that difficulty lead

7   you to engage in arbitrary guesswork.  On the other hand, the law does not require the plaintiff to

8   prove the amount of his losses with mathematical precision, but only with as much definiteness

9   and accuracy as the circumstances permit.  In all instances, you are to use sound discretion in

10  fixing an award of damages, drawing reasonable inferences where you deem appropriate from

11  the facts and circumstances in evidence.

12      If you make any award of damages, such award is not subject to federal income taxes and

13  you should not consider such taxes in determining the amount of damages, if any.

14  **Adapted from *Ortiz v. City of New York*, 11 Civ. 7919 (JMF).**

15

16  <u>Multiple Claims</u>

17      Before I define the ~~type of~~ damages you may award if you find that Mr. Keaton has

18  proved Sergeant Caesar liable, I have one more instruction for you.

19      You should not award ~~compensatory~~ damages more than once for the same injury.  A

20  plaintiff is not entitled to more than one full and fair award of damages for the same injury.  In

21  other words, a plaintiff is entitled to be compensated only for injury that he or she actually

22  suffered — he is entitled only to be made whole, not to recover more than he lost.  Of course, if

23  different injuries are attributed to his separate claims, then you must compensate him fully for all

of the injuries.  Thus, if the defendant violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated only one of those rights, the award of damages cannot be greater than if the defendant had violated only one of those rights.  On the other hand, if the defendant violated more than one of the plaintiff's rights and he has established separate injuries resulting from separate violations, then the plaintiff would be entitled to be compensated for each of the separate injuries he or she suffered.

In this case, as I just explained, Mr. Keaton claims that more than one of his rights was violated.  As a result, several questions on the Verdict Form ask you to indicate whether any part of any damages you award for a particular violation are included also in your damages award for violation of a different right.  Whenever you are asked to determine a compensatory damage award for violation of a particular right, you should indicate, where you are asked to do so, how much, if any, of that amount is included in an amount you awarded elsewhere on the Verdict Form.

**Adapted from _Ortiz v. City of New York_, 11 Civ. 7919 (JMF).**

Nature of the Plaintiff's Damages Claims

In this case, Mr. Keaton seeks to recover ~~two kinds of damages.~~

~~First, Mr. Keaton seeks~~ "compensatory damages."  A plaintiff who prevails is entitled to compensatory damages for any physical injury, pain and suffering, emotional distress, fear, personal humiliation, loss of liberty, indignation, and expenses (past and future) that are proximately caused by the defendant's misconduct.  Thus, if you find that Sergeant Caesar deprived Mr. Keaton of his constitutional rights and that Mr. Keaton suffered injury as a result of this violation, you must award compensatory damages.  You should not take into consideration the fees that the plaintiff may have to pay his attorneys.

Intangible damages, such as the loss of liberty or pain and suffering, that are proximately caused by wrongful conduct must be compensated. There is no requirement that evidence of the monetary value of such intangible things be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. At the same time, compensatory damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

As I mentioned earlier, you have heard evidence concerning information acquired *after* Mr. Keaton's arrest. Although, as I discussed earlier, you may not consider such evidence in determining whether Sergeant Caesar falsely arrested Mr. Keaton, you may consider such evidence in determining the damages, if any, to which Mr. Keaton is entitled. If you find that Mr. Keaton was arrested without probable cause, but that the police later obtained probable cause based on evidence discovered after Mr. Keaton's arrest, you may compensate Mr. Keaton only for injuries flowing from his arrest and sustained between the period of his arrest and the moment that the police obtained probable cause. In that instance, you may not award damages for injuries sustained after the police obtained probable cause to arrest Mr. Keaton.

Alternatively, if you find after considering all the evidence presented that Sergeant Caesar violated Mr. Keaton's federal rights under Section 1983, but that Mr. Keaton suffered no injury as a result of this violation, you must award Mr. Keaton "nominal damages." Nominal damages are awarded as recognition that the plaintiff's constitutional rights have been violated. You must also award nominal damages, if, upon finding that some injury resulted from the deprivation of Mr. Keaton's federal rights under Section 1983, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not, however, award both nominal and compensatory damages to Mr. Keaton for a violation of

1    Section 1983; either he experienced actual damages, in which case you must award

2    compensatory damages, or else he did not, in which case you may award nominal damages.

3    Nominal damages may only be awarded for a token sum, such as one dollar.

4    ~~Second, Mr. Keaton seeks punitive damages.  If you return a verdict against Sergeant~~

5    ~~Caesar, and you award either compensatory or nominal damages, you should decide whether to~~

6    ~~award Mr. Keaton punitive damages.  You may award punitive damages if you believe that~~

7    ~~Sergeant Caesar should be punished for conduct that was motivated by an evil motive or intent,~~

8    ~~or that involved callous disregard or reckless indifference to Mr. Keaton's rights.  Mr. Keaton is~~

9    ~~not entitled to punitive damages as a matter of right.  You must make a judgment about the~~

10   ~~conduct of Sergeant Caesar.  To make such a judgment, it is important to keep in mind the~~

11   ~~reasons for awarding punitive damages: to punish a defendant for malicious conduct against a~~

12   ~~plaintiff or callous disregard or reckless indifference for a plaintiff's rights and to deter such~~

13   ~~conduct of a defendant or others like the defendant.  Thus, you should consider whether the~~

14   ~~award of punitive damages will accomplish this dual purpose of punishment and deterrence.~~

15   ~~You should consider whether punitive damages are likely to deter or prevent other~~

16   ~~persons from performing wrongful acts similar to those Sergeant Caesar may have committed.  If~~

17   ~~you decide to award punitive damages, these same purposes should be kept in mind as you~~

18   ~~determine the appropriate sum of money to be awarded as punitive damages.  That is, in fixing~~

19   ~~the sum to be awarded, you should consider the degree to which Sergeant Caesar should be~~

20   ~~punished for his wrongful conduct and the degree to which an award of one sum or another will~~

21   ~~deter Sergeant Caesar or persons like him from committing wrongful acts in the future.~~

22   Earlier in this case, you heard references to punitive damages.  Punitive damages are not

23   relevant here.  You may not award them, and you must put them out of your mind.

20

**Adapted from *Jones v. Fiducia et al.*, 06 Civ. 6682 (LAK); *Ortiz v. City of New York*, 11 Civ. 7919 (JMF); *see Kerman v. City of New York*, 374 F.3d 93, 124-32 (2d Cir. 2004).**

# IV. CONCLUDING INSTRUCTIONS

Selection of Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise or when you have reached a verdict.

Right To See Exhibits and Hear Testimony

Shortly after you retire to deliberate, all of the exhibits will be given to you in the jury room. If you want any of the testimony read, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your request for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Marshals.

## Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

## Duty To Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in such agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  Ms. Smallman will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.  You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and all jurors agreeing with the verdict should sign the Verdict Form.  The foreperson should then give a note — that is, not the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that all of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

1 <u>Closing Comments</u>

2     Finally, I say this, not because I think it is necessary, but because it is the custom in this

3 courthouse to say it:  You should treat each other with courtesy and respect during your

4 deliberations.

5     All litigants stand equal in this room.  All litigants stand equal before the bar of justice.

6 All litigants stand equal before you.  Your duty is to decide between these parties fairly and

7 impartially, and to see that justice is done.

8     Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided

9 solely by the evidence presented during the trial and the law as I gave it to you, without regard to

10 the consequences of your decision.  You have been chosen to try the issues of fact and reach a

11 verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your

12 clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil

13 lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will

14 arrive at the just verdict.

15     Members of the jury, I ask your patience for a few moments longer, as I need to spend a

16 few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain

17 patiently in the jury box, without speaking to each other, and we will return in just a moment to

18 submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                 :

ERIC KEATON,                            :

                          Plaintiff,      :             17-CV-952 (JMF)

                                   :

         -v-                         :

                                   :             <u>VERDICT FORM</u>

SERGEANT KENNETH CAESAR,      :

                                   :

                        Defendant.     :

                                   :

----------------------------------------------------------------------X

## PLEASE CIRCLE YOUR ANSWERS

### *All Answers Must Be Unanimous*

<u>**False Arrest**</u>

1.     Do you find Sergeant Kenneth Caesar liable with respect to Eric Keaton's claim of false arrest?

                     YES            NO

     *If you answered "No" to Question 1, then skip to Question 4.  If you answered "Yes" to Question 1, then answer Question 2.*

2.     Did Eric Keaton prove by a preponderance of the evidence that he is entitled to compensatory damages as a result of being falsely arrested?

                     YES            NO

     If so, what amount of compensatory damages do you award?

                   $_____

     *If you answered "No" to Question 2, then proceed to Question 3.  If you answered "Yes" to Question 2 and specified an amount, then skip to Question 4.*

1

3.    What amount of nominal damages do you award to Eric Keaton on his claim for false arrest?

$_____

*Proceed to Question 4.*

**Unlawful Strip Search**

4.    Do you find Sergeant Kenneth Caesar liable with respect to Eric Keaton's claim that he was unlawfully strip searched?

            YES            NO

*If you answered "Yes" to Question 4, then proceed to Question 5.  If you answered "No" to Question 4, then ~~skip~~you should proceed to ~~Question 8~~sign the Verdict Form.*

5.    Did Eric Keaton prove by a preponderance of the evidence that he is entitled to compensatory damages as a result of being unlawfully strip searched?

            YES            NO

If so, what amount of compensatory damages do you award?

            $_____

*If you answered "No" to Question 5, then proceed to Question 6.  If you answered "Yes" to Question 5 and specified an amount, then skip to Question 7.*

6.    What amount of nominal damages do you award to Eric Keaton on his claim that he was unlawfully strip searched?

            $_____

*If you awarded damages in connection with the false arrest claim as well, proceed to Question 7; otherwise, you should proceed to ~~Question 8~~sign the Verdict Form.*

7.    If you awarded damages in connection with both the false arrest and the unlawful strip search claims, what amount, if any, of the unlawful strip search damages was also included in the damages you awarded in connection with the false arrest claim?

            $_____

*~~Proceed to Question 8.~~*

**Punitive Damages**

8.	If and only if you awarded either compensatory or nominal damages in response to either or both Question 2 or Question 4, has Eric Keaton proved that he is entitled to receive punitive damages from Sergeant Kenneth Caesar?

	YES	NO

	If so, what amount of punitive damages do you award?

	$_____

*Sign your names in the space provided below, fill in the date and time, and inform the court security officer — with a note, <u>not the Verdict Form itself</u> — that you have reached a verdict.*

After completing the form, each juror who agrees with this verdict must sign below:

_____	_____
Foreperson

_____	_____

_____	_____

_____	_____

Date and time:	_____

**COURT EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                   :

ERIC KEATON,
                                                   :

                         Plaintiff,          :                 17-CV-952 (JMF)

                                                   :

            -v-                                 :

                                                   :

SERGEANT KENNETH CAESAR,
                                                   :

                        Defendant.      :

                                                   :

------------------------------------------------------------------------X

# JURY CHARGE

November 13, 2019

# Table of Contents

I. GENERAL INTRODUCTORY CHARGES ................................................................. 1

Role of the Court and the Jury ................................................................................2
The Parties ................................................................................................................2
Conduct of Counsel ................................................................................................2
What Is and What Is Not Evidence ........................................................................3
Direct and Circumstantial Evidence ......................................................................4
Limited Purpose Evidence ......................................................................................5
Preponderance of the Evidence...............................................................................5
Credibility of Witnesses .........................................................................................6
All Available Evidence Need Not Be Produced ....................................................7

II. SUBSTANTIVE CLAIMS .......................................................................................... 8

Nature of the Plaintiff's Claims .............................................................................8
Section 1983 ............................................................................................................8
First Element: Action Under Color of State Law ..................................................9
Second Element: Deprivation of a Federal Right ..................................................9
Third Element: Proximate Cause ..........................................................................10
First Claim: False Arrest ......................................................................................10
    Probable Cause .................................................................................................11
    The Alleged Probable Cause in This Case........................................................13
Second Claim: Unlawful Strip Search .................................................................13

III. DAMAGES ............................................................................................................. 15

Damages Generally................................................................................................15
Nature of the Plaintiff's Damages Claims ...........................................................17

IV. CONCLUDING INSTRUCTIONS ......................................................................... 19

Selection of Foreperson ........................................................................................19
Right To See Exhibits and Hear Testimony .........................................................19
Juror Note-Taking..................................................................................................20
Duty To Deliberate ................................................................................................20
Return of the Verdict .............................................................................................21
Closing Comments .................................................................................................22

# I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence in the case. It is my duty at this point to instruct you as to the law. My instructions to you will be in three parts.

First, I will give you general instructions about, for example, your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

Second, I will describe the law to be applied to the facts as you find them to be established by the evidence.

Finally, I will give you some instructions with respect to your deliberations.

I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but because there is a need for precision, it is important that I get the words just right, and so that is why I will be reading.

Because my instructions cover many points, I have given you a copy of my instructions to follow along. (Please limit yourself to following along; that is, do *not* read ahead in the instructions.) If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. Either way, you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. Also, you should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If either party has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

The fact that the defendant is a law enforcement official does not mean that he is entitled to any lesser or greater consideration by you. All litigants stand equal before the law, and each party is entitled to the same fair consideration you would give to any other party.

Conduct of Counsel

It is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any evidence. Nor should you draw any inference from the fact that I sustained or overruled an objection. Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

From time to time, the lawyers and I had sidebar conferences and other conferences out of your hearing. These conferences involved procedural and other matters, and none of the events relating to these conferences should enter into your deliberations at all.

Finally, the personalities and the conduct of counsel are not in any way in issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable,

whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

<u>What Is and What Is Not Evidence</u>

As I have told you many times, in reaching a verdict, you must consider only the evidence you have seen and heard in this courtroom.  What, then, is evidence?

The evidence in this case is the sworn testimony of the witnesses, including any excerpts of deposition testimony that were read into the record, the exhibits received into evidence, and any stipulations of fact made by the parties.

What is not evidence?  The questions posed to a witness are not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

As you may recall, certain redactions, or deletions, have been made in some of the documents.  You should draw no adverse inference against either party because of these redactions, nor should you speculate about why they have been redacted.

Arguments by the advocates are not evidence.  What you heard during the opening statements and summations is merely intended to help you understand the evidence to reach your verdict.  If, however, your recollection of the facts differs from the statements, you should rely on your recollection.

At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his voice up.  At times, I may have asked a question myself.  Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear.  You should draw no inference or

conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you. That is entirely your role.

To constitute evidence, exhibits must first be received in evidence. Exhibits marked for identification but not admitted are not evidence. Nor are materials brought forth only to refresh a witness's recollection.

It is for you and you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.


Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something he or she knows by virtue of his or her own senses, something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts. There is a simple example of circumstantial evidence that is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume also that there are no windows in this courtroom. As you are sitting here, someone walks in with an umbrella that is dripping wet. Someone else then walks in with a raincoat that is also dripping wet. Now, because there are no windows in our hypothetical, you cannot look outside the courtroom and see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of the facts that I have asked you to assume, it

would be reasonable and logical for you to conclude that between the time you arrived at the courthouse and the time these people walked in, it had started to rain.

That is all there is to circumstantial evidence. You can infer on the basis of reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact. Many facts, such as a person's state of mind, can only rarely be proved by direct evidence. Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct and circumstantial evidence, but simply requires that you, the jury, decide the facts in light of all the evidence, both direct and circumstantial.

Limited Purpose Evidence

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

Preponderance of the Evidence

Before I instruct you on the issues you must decide, I want to define for you the standard under which you will decide whether a party has met its burden of proof on a particular issue. The standard that applies in this case is the preponderance of the evidence. As I told you at the beginning of the trial, proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial, does not apply to a civil case such as this and you should put it out of your mind.

To establish by a preponderance of evidence means that the evidence of the party having the burden of proof must be more convincing and persuasive to you than that opposed to it. The difference in persuasiveness need not be great: So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof — that what the party claims is more likely than not true — then that element will have been proved by a preponderance of evidence.

And here it is important for you to realize that this refers to the quality of the evidence and not to the number of witnesses, the number or variety of the exhibits, or the length of time spent on a subject. In determining whether any fact has been proved by a preponderance of evidence, you may consider the testimony of all of the witnesses and all of the exhibits.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses? The answer is that you use your common sense. You should ask yourselves: Did the witness impress you as honest, open, and candid? How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood, that is always a matter of importance you should weigh carefully. Yet, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept and reject a portion of the testimony of any witness. You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.

There is no magic formula by which you can evaluate testimony. You determine for yourself in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act. You may use the same tests here that you use in your everyday life.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

## All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

You are not to rest your decision on what some absent witness who was not brought in might have testified to, or what he or she might not have testified to. No party has an obligation to present cumulative testimony.

# II. SUBSTANTIVE CLAIMS

<u>Nature of the Plaintiff's Claims</u>

That completes your general instructions. Let me turn, then, to the law that applies to the claims in this case. As you know, this case arises out of the plaintiff's arrest by the defendant, New York Police Department Sergeant Kenneth Caesar, on the afternoon of May 1, 2014, in midtown Manhattan, and a related search of the plaintiff. Mr. Keaton, the plaintiff, claims that the defendant lacked probable cause to arrest him and also had no reasonable basis to conduct a strip search; Sergeant Caesar, the defendant, claims that he had probable cause to arrest the plaintiff and that he had a reasonable basis to order a strip search.

The plaintiff alleges that his civil rights were violated in connection with these events. In particular, he brings claims against the defendant under a civil rights statute, Title 42, United States Code, Section 1983.

<u>Section 1983</u>

To establish a claim under Section 1983, Mr. Keaton must prove, by a preponderance of the evidence, each of the following three elements:

<u>First</u>, that Sergeant Caesar was acting under color of state law when he committed the acts about which Mr. Keaton complains here;

<u>Second</u>, that in committing these acts, Sergeant Caesar deprived Mr. Keaton of rights, privileges, or immunities secured by the United States Constitution or the laws of the United States; and

Third, that Sergeant Caesar's acts were the proximate cause of injuries and damages sustained by Mr. Keaton.

I will now explain each of those three elements.

First Element: Action Under Color of State Law

The first element of a Section 1983 claim is that the conduct complained of was committed by the defendant acting under color of state law.

Action "under color of state law" means that the defendant claims to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agency. The term "city agency" includes the New York Police Department.

Whether Sergeant Caesar committed the acts alleged by Mr. Keaton is a question of fact for you to decide. But if you conclude that Sergeant Caesar committed these acts, there is no dispute that he was acting in his capacity as a New York Police Department officer and, in doing so, that he was acting under color of state law.

Second Element: Deprivation of a Federal Right

The second element of a Section 1983 claim is that the defendant, in committing the acts complained of, deprived the plaintiff of a federal right.

You must first determine whether Sergeant Caesar committed the acts alleged by Mr. Keaton. The law imposes liability upon a defendant only if he subjects, or causes to be subjected, any person to the deprivation of a federal right. Sergeant Caesar cannot be held liable merely because he holds a supervisory position or a position of higher authority. In order for Mr. Keaton to prevail on his claims, therefore, he must show that Sergeant Caesar was personally

involved in a deprivation of his federal rights. If you find that Sergeant Caesar directly participated in or authorized the acts alleged, then you must find that Sergeant Caesar was personally involved in the acts alleged.

In order for Mr. Keaton to establish this second element, he must also show that those acts that you have found Sergeant Caesar took under color of state law caused Mr. Keaton to suffer the loss of a federal right. As I have told you, Mr. Keaton claims that Sergeant Caesar violated his constitutional rights by (1) subjecting him to a false arrest and (2) wrongfully subjecting him to a strip search at the police station.

I will address each of those claims shortly.

### Third Element: Proximate Cause

The third element of a Section 1983 claim is that the defendant's acts were a proximate cause of injuries or damages that the plaintiff sustained. An act is a proximate cause of an injury or damages if it was a substantial factor in bringing about this injury, and if the injury was a reasonably foreseeable consequence of the defendant's acts.

### First Claim: False Arrest

With that, let me turn to the two ways in which Mr. Keaton claims that Sergeant Caesar deprived him of a federal right.

Mr. Keaton's first claim is for false arrest. Under the United States Constitution, no person may be arrested absent probable cause. If Sergeant Caesar lacked probable cause to arrest Mr. Keaton, but arrested him anyway, Sergeant Caesar would thereby have deprived Mr. Keaton of a federal right. Sergeant Caesar bears the burden of proving that he had probable cause to arrest Mr. Keaton.

There is no dispute here that Sergeant Caesar arrested Mr. Keaton.  Accordingly, you will have to decide whether Sergeant Caesar has met his burden of proving, by a preponderance of the evidence, that there was probable cause to arrest Mr. Keaton.

Probable Cause

What, then, is probable cause?  Police officers have probable cause to arrest when they have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.  Probable cause is determined by deciding whether Sergeant Caesar's actions were what a reasonably prudent officer would have done under the same circumstances.

Probable cause requires more than a mere suspicion of wrongdoing, but does not require absolute certainty.  An officer may arrest a suspect only if there are specific and articulable facts, together with rational inferences drawn from those facts, that reasonably suggest criminal activity has occurred or is imminent.  The existence of probable cause is measured at the moment of arrest, not based on later developments.  You are not to view the question of probable cause from a position of hindsight, but from the position of how the circumstances appeared to the officer at the time.  Probable cause may also exist where the officer has relied on mistaken information, so long as it was reasonable for him to rely on it.

In general, you must consider whether the information actually known to Sergeant Caesar at the time of Mr. Keaton's arrest amounted to probable cause.  You may also consider information known to other police officers, but only if they actually communicated that information, or suspicion based on that information, to Sergeant Caesar.

During the trial, you heard testimony about information that Sergeant Caesar obtained *after* he arrested Mr. Keaton.  You may consider that evidence for reasons I will discuss later, but you may not consider it in deciding whether Sergeant Caesar had probable cause to arrest Mr. Keaton.  In determining whether Sergeant Caesar had probable cause to arrest Mr. Keaton, you must consider only the information known to Sergeant Caesar at the time of the arrest.

For the arrest to have been lawful, there need only have been probable cause to believe that Mr. Keaton had committed some crime, not necessarily a crime for which he was arrested.  Put another way, if there was probable cause at the time of the arrest to believe that Mr. Keaton had committed any crime, the arrest was lawful.  Moreover, you do not have to be unanimous on which offenses you find probable cause for, only that you are unanimous that probable cause existed for an offense.

You have heard evidence that Mr. Keaton was not criminally charged in connection with the arrest at issue in this case and that the money he had in his possession was returned to him.  That no criminal charges were brought against Mr. Keaton and his money was not forfeited have no bearing on the issue of whether there was probable cause for his arrest.  Among other things, the standard for probable cause is much lower than the standard needed for a criminal conviction, which is guilt beyond any reasonable doubt.  Criminal charges may be dismissed for a variety of reasons, and you should not speculate as to the reasons why the charges against Mr. Keaton were dismissed or his money not forfeited.

Please keep in mind that you are being asked only to decide whether Sergeant Caesar had probable cause to believe that Mr. Keaton had committed a crime, not whether Mr. Keaton was in fact guilty of a crime.

## The Alleged Probable Cause in This Case

Sergeant Caesar contends that there was probable cause to arrest Mr. Keaton for crimes under New York Penal Law, which applies to Mr. Keaton. Specifically, Sergeant Caesar argues that there was probable cause to arrest Mr. Keaton for criminal possession of a controlled substance, criminal sale of a controlled substance, or attempt to commit those crimes.

Cocaine base, commonly known as crack cocaine, is a controlled substance.

A "sale" occurs when a controlled substance is exchanged for money or for something else, or when a controlled substance is given or disposed of to another.

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct that tends to effect the commission of the crime.

If you find that Sergeant Caesar had probable cause to believe that Mr. Keaton possessed a controlled substance, gave a controlled substance to another person, or attempted to do one of these things, then the arrest was lawful.

## Second Claim: Unlawful Strip Search

Mr. Keaton's second claim is for an unlawful strip search at the police station after he was arrested. If you find that Sergeant Caesar lacked probable cause to arrest Mr. Keaton at the time of the strip search, this search is also unlawful. But you may find that the strip search was unlawful even if you conclude that, by the time of the strip search, Mr. Keaton's arrest was supported by probable cause.

The United States Constitution prohibits strip searches even of people who were lawfully arrested unless the police officer who authorizes or conducts the search has an individualized reasonable suspicion that the arrestee is concealing weapons, drugs, or other contraband that

would be revealed by the search. Contraband means an item that is unlawful to possess or that had been used to carry out a criminal offense.

Factors that may considered in evaluating whether an individualized reasonable suspicion supports a strip search include the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest. A police officer may also take into consideration the characteristics of the location of the arrest, such as whether it is a high-crime area.

Reasonable suspicion is something stronger than a mere hunch, but something weaker than probable cause. To establish reasonable suspicion, officers must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experiences. The standard requires individualized suspicion, specifically directed to the person who is targeted for the strip search. Like probable cause, this is an objective standard. The relevant question is whether a reasonable person who possesses the same official expertise as the officer would reasonably suspect that the person searched was concealing weapons, drugs, or other contraband.

The United States Constitution also requires that the strip search be conducted in a reasonable manner. This means that the officer or officers conducting the strip search must respect the arrestee's privacy interests. In order to determine whether the strip search was conducted in a reasonable manner, you must balance the need for the particular search against the invasion of personal rights that the search entailed. Among the factors you may consider when determining whether the strip search was reasonable are the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the location in which it was conducted.

In short, you must find that Mr. Keaton was unlawfully strip searched if you find that, at the time of the strip search, Sergeant Caesar lacked probable cause to arrest him. But even if you find that Sergeant Caesar had probable cause for an arrest at the time of the strip search, Mr. Keaton may prove that he was unlawfully strip searched by showing either that: (1) he was strip searched without reasonable suspicion; or (2) he was strip searched in an unreasonable manner.

# III. DAMAGES

## Damages Generally

If you conclude that Mr. Keaton has met his burden of proving liability, then you must determine the damages, if any, to which he is entitled. You should not infer that Mr. Keaton is entitled to recover damages merely because I am instructing you on how to calculate damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that they are warranted.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, that a plaintiff has suffered as a result of a defendant's actions. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered. It is Mr. Keaton's burden to prove the amount of damages and to prove that the damages were caused by Sergeant Caesar's actions.

In awarding damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the plaintiff to

prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.


Multiple Claims

Before I define the damages you may award if you find that Mr. Keaton has proved Sergeant Caesar liable, I have one more instruction for you.

You should not award damages more than once for the same injury. A plaintiff is not entitled to more than one full and fair award of damages for the same injury. In other words, a plaintiff is entitled to be compensated only for injury that he or she actually suffered — he is entitled only to be made whole, not to recover more than he lost. Of course, if different injuries are attributed to his separate claims, then you must compensate him fully for all of the injuries. Thus, if the defendant violated more than one of the plaintiff's rights, but the resulting injury was no greater than it would have been had the defendant violated only one of those rights, the award of damages cannot be greater than if the defendant had violated only one of those rights. On the other hand, if the defendant violated more than one of the plaintiff's rights and he has established separate injuries resulting from separate violations, then the plaintiff would be entitled to be compensated for each of the separate injuries he or she suffered.

In this case, as I just explained, Mr. Keaton claims that more than one of his rights was violated. As a result, several questions on the Verdict Form ask you to indicate whether any part

of any damages you award for a particular violation are included also in your damages award for violation of a different right. Whenever you are asked to determine a compensatory damage award for violation of a particular right, you should indicate, where you are asked to do so, how much, if any, of that amount is included in an amount you awarded elsewhere on the Verdict Form.

Nature of the Plaintiff's Damages Claims

In this case, Mr. Keaton seeks to recover "compensatory damages." A plaintiff who prevails is entitled to compensatory damages for any physical injury, pain and suffering, emotional distress, fear, personal humiliation, loss of liberty, indignation, and expenses (past and future) that are proximately caused by the defendant's misconduct. Thus, if you find that Sergeant Caesar deprived Mr. Keaton of his constitutional rights and that Mr. Keaton suffered injury as a result of this violation, you must award compensatory damages. You should not take into consideration the fees that the plaintiff may have to pay his attorneys.

Intangible damages, such as the loss of liberty or pain and suffering, that are proximately caused by wrongful conduct must be compensated. There is no requirement that evidence of the monetary value of such intangible things be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. At the same time, compensatory damages may not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

You have heard testimony that Mr. Keaton was briefly searched at the scene of his arrest. If an arrest is lawful, the police officer is entitled to conduct a search of the arrestee to ensure that the arrestee does not have weapons or contraband on his person. Thus, if you find that Mr. Keaton was lawfully arrested, the search that occurred at the scene of his arrest would also be

lawful. By contrast, if you find that Mr. Keaton was not lawfully arrested, the search that occurred at the scene would not be lawful, and you may consider it in determining what damages, if any, to award Mr. Keaton on his false arrest claim.

As I mentioned earlier, you have heard evidence concerning information acquired *after* Mr. Keaton's arrest. Although, as I discussed earlier, you may not consider such evidence in determining whether Sergeant Caesar falsely arrested Mr. Keaton, you may consider such evidence in determining the damages, if any, to which Mr. Keaton is entitled. If you find that Mr. Keaton was arrested without probable cause, but that the police later obtained probable cause based on evidence discovered after Mr. Keaton's arrest, you may compensate Mr. Keaton only for injuries flowing from his arrest and sustained between the period of his arrest and the moment that the police obtained probable cause. In that instance, you may not award damages for injuries sustained after the police obtained probable cause to arrest Mr. Keaton.

Alternatively, if you find after considering all the evidence presented that Sergeant Caesar violated Mr. Keaton's federal rights under Section 1983, but that Mr. Keaton suffered no injury as a result of this violation, you must award Mr. Keaton "nominal damages." Nominal damages are awarded as recognition that the plaintiff's constitutional rights have been violated. You must also award nominal damages, if, upon finding that some injury resulted from the deprivation of Mr. Keaton's federal rights under Section 1983, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing. You may not, however, award both nominal and compensatory damages to Mr. Keaton for a violation of Section 1983; either he experienced actual damages, in which case you must award compensatory damages, or else he did not, in which case you may award nominal damages. Nominal damages may be awarded for only a token sum, not to exceed one dollar.

Earlier in this case, you heard references to punitive damages. Punitive damages are not relevant here. You may not award them, and you must put them out of your mind.

# IV. CONCLUDING INSTRUCTIONS

<u>Selection of Foreperson</u>

In a few minutes, you are going to go into the jury room and begin your deliberations. Your first task will be to select a foreperson. The foreperson has no greater voice or authority than any other juror, but is the person who will communicate with me when questions arise or when you have reached a verdict.

<u>Right To See Exhibits and Hear Testimony</u>

Shortly after you retire to deliberate, all of the exhibits will be given to you in the jury room. If you want any of the testimony read, you may also request that. Keep in mind that if you ask for testimony, however, the court reporter must search through his or her notes, the parties must agree on what portions of testimony may be called for, and if they disagree I must resolve those disagreements. That can be a time-consuming process. So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Your request for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Marshals.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be read back to you.

Duty To Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact. I know you will try the issues that have been presented to you according to the oath that you have taken as jurors. In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations. If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in such agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  Ms. Smallman will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.  You should draw no inference from the questions on the Verdict Form as to what your verdict should be.  The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and all jurors agreeing with the verdict should sign the Verdict Form.  The foreperson should then give a note — that is, not the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that all of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by the foreperson in open court and officially recorded, it cannot ordinarily be revoked.

## Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it:  You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer, as I need to spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                  :
ERIC KEATON,                                      :
                                                  :
                          Plaintiff,              :              17-CV-952 (JMF)
                                                  :
         -v-                                      :
                                                  :              <u>VERDICT FORM</u>
SERGEANT KENNETH CAESAR,                           :
                                                  :
                          Defendant.              :
                                                  :
-------------------------------------------------------------------X

## PLEASE CIRCLE YOUR ANSWERS

### *All Answers Must Be Unanimous*

<u>**False Arrest**</u>

1.    Do you find Sergeant Kenneth Caesar liable with respect to Eric Keaton's claim of false
      arrest?

                       YES            NO

      *If you answered "No" to Question 1, then skip to Question 4.  If you answered "Yes" to
      Question 1, then answer Question 2.*

2.    Did Eric Keaton prove by a preponderance of the evidence that he is entitled to
      compensatory damages as a result of being falsely arrested?

                       YES            NO

      If so, what amount of compensatory damages do you award?

                       $_____

      *If you answered "No" to Question 2, then proceed to Question 3.  If you answered
      "Yes" to Question 2 and specified an amount, then skip to Question 4.*

3.    What amount of nominal damages do you award to Eric Keaton on his claim for false arrest?

$_____

*Proceed to Question 4.*

**Unlawful Strip Search**

4.    Do you find Sergeant Kenneth Caesar liable with respect to Eric Keaton's claim that he was unlawfully strip searched?

           YES          NO

*If you answered "Yes" to Question 4, then proceed to Question 5.  If you answered "No" to Question 4, then you should proceed to sign the Verdict Form.*

5.    Did Eric Keaton prove by a preponderance of the evidence that he is entitled to compensatory damages as a result of being unlawfully strip searched?

           YES          NO

If so, what amount of compensatory damages do you award?

$_____

*If you answered "No" to Question 5, then proceed to Question 6.  If you answered "Yes" to Question 5 and specified an amount, then skip to Question 7.*

6.    What amount of nominal damages do you award to Eric Keaton on his claim that he was unlawfully strip searched?

$_____

*If you awarded damages in connection with the false arrest claim as well, proceed to Question 7; otherwise, you should proceed to sign the Verdict Form.*

7.    If you awarded damages in connection with both the false arrest and the unlawful strip search claims, what amount, if any, of the unlawful strip search damages was also included in the damages you awarded in connection with the false arrest claim?

$_____

***Sign your names in the space provided below, fill in the date and time, and inform the court security officer — with a note, <u>not the Verdict Form itself</u> — that you have reached a verdict.***

After completing the form, each juror who agrees with this verdict must sign below:

_____
Foreperson

_____

_____

_____

Date and time:          _____